VOUGHT et al. v. LEVIN et al.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

MORTGAGES (§ 451*)—SECOND FORECLOSURE—COMPLAINT.

A purchaser at mortgage sale being entitled to foreclose again against the holder of liens or claims subordinate to the mortgage, but not cut off by the first foreclosure by reason of some defect therein, and it being provided by Code Civ. Proc. § 447, that any person may be made a defendant in an action who has or claims an interest in the controversy

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adverse to the plaintiff, the complaint in such an action alleging that defendants claim that they were not served with a summons in the first foreclosure action, and that the effect of such failure was to leave their alleged lien and interest in the premises outstanding and unaffected by the judgment of foreclosure, and alleging that whatever interest they have is inferior to that of plaintiff, and that they "now claim to have some interest or lien on said premises," states a cause of action, without any allegation that defendants were not served in the prior action.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 451.*]

Appeal from Special Term, New York County.

Action by John H. Vought and another as substitute trustees against Abraham A. Levin and another. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed, and demurrer overruled, with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, CLARKE, and DOWLING, JJ.

Philip S. Dean, for appellants.

Charles G. F. Wahle, for respondents.

McLAUGHLIN, J. In the year 1909 an action was commenced to foreclose a mortgage upon real estate in the city of New York, in which the present defendants, with others, were named as parties defendants. The action resulted in a judgment and sale, the plaintiffs being the purchasers. After the purchasers had gone into possession, the defendants in this action claimed that in the foreclosure action a copy of the summons had not been served upon them, and that their interest as subsequent lienors had not been extinguished. Thereupon this action was brought to foreclose the mortgage against them, and thereby extinguish whatever lien or claim they had. The complaint charges that whatever interest they have is inferior or subordinate to the interest or rights of the plaintiffs. Defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the appeal is from the interlocutory judgment.

The alleged defect in the complaint is that it does not contain an allegation to the effect that the defendants were not, in fact, served with a copy of the summons in the prior action and that in order to maintain a second foreclosure such fact must be clearly and fully set out. What the complaint does allege with reference to this subject is that the defendants claim they were not served with a copy of the summons, and that the effect of such failure is to leave their alleged lien and interest in the premises outstanding and unaffected by the judgment of foreclosure. Then follows an allegation to the effect that they "now claim to have some interest or lien upon the said premises." The rule seems to be well settled that where a foreclosure action has been prosecuted to judgment, and a sale had thereunder, and there is some defect in the foreclosure proceedings, by reason of which existing liens or claims subordinate to the mortgage foreclosed were not cut off, then the purchaser at the sale will be treated as a mortgagee in possession, and he may again foreclose the mortgage as to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such liens and claims.   Moulton v. Cornish, 138 N. Y. 133, 33 N. E. 842, 20 L. R. A. 370; Denton v. Ontario County Bank, 150 N. Y. 126, 44 N. E. 781.

The defendants, according to the allegations of the complaint, have or claim to have an interest in the real estate adverse to the plaintiffs, which interest is subject to the lien of the mortgage sought to be foreclosed.   It seems to me, therefore, that the complaint states a cause of action under section 447 of the Code of Civil Procedure. That section provides, among other things, that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff. * * * "

These defendants claim that they have an interest in the premises covered by the mortgage, and that that interest was not extinguished by the foreclosure.   For the purpose of extinguishing that claim it seems to me the plaintiffs have a right to maintain this action.   Hilton Bridge Construction Co., v. Gouverneur, 90 Hun, 584, 35 N. Y. Supp. 976; Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835.   In the Townsend Case certain defendants who were made parties under an allegation that they "claim some right, title or interest in said premises, the exact nature of which is unknown to plaintiff, and which is a cloud upon the title to said premises," demurred to the complaint.   The court in affirming the judgment of the Special Term overruling the demurrer, among other things, said:

"It sometimes happens that a plaintiff knows the fact that a third person claims an interest in the subject-matter of the action, but does not know the nature, extent, or merits of the claim, which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought.   In such an emergency the facts may be stated, the claimant be called in as a party, and required to disclose his alleged interest."

If the allegations of the complaint be true—and for the purpose of the demurrer they must be so assumed—the claim of the defendants amounts to a cloud upon the plaintiffs' title, and in order to remove such cloud plaintiffs have a right to maintain this action for the purpose of accomplishing what the defendants assert was not accomplished in the other action.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendants to withdraw their demurrer and answer upon payments of the costs in this court and in the court below.   All concur.