ANDREW F. ENDRIES, Respondent, *v.* MARION PADDOCK and Another, Appellants, Impleaded with CHESTER R. KINGSBURY and Another, Respondents.

Third Department, May 15, 1934.

*Frank W. Barnes*, for the appellants.

*George P. Pudney* [*H. C. Stratton* of counsel], for the plaintiff.

*Jay B. Turner*, for the respondents Chester R. Kingsbury and Elizabeth Kingsbury.

HILL, P. J. Plaintiff has recovered a judgment of foreclosure directing the sale of premises known as the Bliven farm owned by the defendant Chester R. Kingsbury. The judgment is for $1,500 principal, with interest and costs, and provides that Kingsbury shall pay any deficiency. Appellants are his judgment creditors.

Plaintiff received the mortgage from one Kuykendall, together with his written assignment thereof, which stated it to be an assignment " of all my right, title and interest therein." Earlier, Kuykendall and the defendant Kingsbury had entered upon a joint venture to acquire title to the farm. By the terms of their agreement the mortgage in suit, upon which $1,500 of principal was then unpaid, was to be purchased for $950 from a national banking corporation, and a deed obtained from the owner of the premises who was willing to convey without consideration other than a release from the mortgage. Kuykendall, by sharp practice, took the deed in his own name, and secured physical possession of the mortgage and the assignment from the bank which was made to " Royal B. Kuykendall and Chester R. Kingsbury, as partners under the firm name of Kingsbury and Kuykendall." He contributed to the partnership $25 paid an attorney for his services in obtaining the deed, and $275 in installments toward the $950 paid for the mortgage. For this he was to receive the timber upon the farm and the farm crops of the year 1928. Kingsbury, by two payments, one of $450 and the other $225, contributed $675 toward

the purchase price of the mortgage. The agreement between the coadventurers stated, " In consideration of the payments above to be made and all of the agreements contained therein, Kuykendall hereby agrees to deed to Kingsbury as soon as the payments upon the mortgage are completed the farm and premises covered by said mortgage, known as the Bliven farm." All the payments required to be made by Kingsbury have been made, and Kuykendall has received the timber and the crops of 1928. His deed to Kingsbury contains a covenant: " This conveyance is made to the party of the second part subject to the lien of any mortgage thereon and the party of the second part covenants and agrees to pay the said mortgages, and hereby assumes them as the consideration for the property." Kingsbury, either ignorant that the deed contained such a covenant, or not understanding its possible application to the mortgage in question, recorded the instrument. The trial court has decided that the covenant in the deed has reference to the mortgage in suit.

Plaintiff, the assignee, took the mortgage subject to the same equities that would have been available against Kuykendall. (*Liebowitz* v. *Arrow Roofing Co.*, 259 N. Y. 391.) He knew from the form of the assignment that Kuykendall's interest in the mortgage was that of a coadventurer, and accepted an assignment of such an interest. Had Kuykendall asserted individual ownership of the mortgage, or represented himself as acting for the partnership, his assignment would have so indicated. " The title to partnership property is not in the individual members of the firm, so that either may assign or transfer to another an undivided share in any specific articles, but it is in the firm as an entirety subject to the right of the partners to have it applied to the payment of the debts of the firm and the equities of the partners." (*Costello* v. *Costello*, 209 N. Y. 252, 259.)

Coadventurers are subject to the same fiduciary duties and obligations as partners. (*King* v. *Barnes*, 109 N. Y. 267.) Kuykendall owed to Kingsbury more than ordinary honesty. His possession and interest in the mortgage was that of a trustee. The quality of his conduct was measured by the standard required of an executor, administrator or trustee of an express trust. (Partnership Law, § 43.) It has been said: " Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising

rigidity has been the attitude of courts of equity." (*Meinhard v. Salmon*, 249 N. Y. 458, 464.)

The transactions between the coadventurers disclosed an unquestioned intent that the mortgage was purchased as one step toward acquiring a title to the farm, and that when title had been obtained, the property was to be divided into shares. The mortgage when purchased ceased to exist as such and became only a muniment of the partnership title to the farm. Plaintiff's assignment from Kuykendall gave him no title to the mortgage. The form of the assignment to Kuykendall gave notice that he held the mortgage in a fiduciary capacity. (*Hathaway v. County of Delaware*, 185 N. Y. 368, 371.) The effect of such a notice was to put plaintiff upon inquiry, and it was his duty to ascertain whether Kuykendall had a right to dispose of the property in payment of his own debt. Failing to make such an inquiry, he is chargeable with the full knowledge of the facts. (*Ward v. City Trust Co.*, 192 N. Y. 61, 69.) He obtained no title because of his participation in the illegal diversion of the partnership property. (*Bischoff v. Yorkville Bank*, 218 N. Y. 106, 112.) The covenant against Kingsbury contained in his deed would be operative only in the event there are other mortgages against the farm.

The judgment should be reversed on the law and facts, and the complaint dismissed, with costs.

RHODES, McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.

The court reverses findings of fact numbered 6, 9, 10, 11, 12 and 13, and modifies finding 5 by adding thereto the following: That by the deed from Esther J. Lynch, Royal Kuykendall and his wife received the title to the farm as trustees for the benefit of the coadventurers Royal Kuykendall and Chester R. Kingsbury; that the assignment of the mortgage from the Earlville National Bank to "Royal B. Kuykendall and Chester R. Kingsbury, as partners under the firm name of Kingsbury and Kuykendall" extinguished the mortgage as such and it became a muniment of title to the partnership to the Bliven farm, and plaintiff received no title to the mortgage by the assignment to him; that the whole consideration received by the bank for the mortgage from Kuykendall and Kingsbury was the sum of $950, of which Kingsbury contributed $675 and Kuykendall $275; that the covenant contained in the deed from the Kuykendalls to Kingsbury does not apply to the mortgage in suit, and would apply only in the event there are other mortgages which are liens against the Bliven farm.