FIRST NATIONAL BANK OF JERSEY CITY, Plaintiff, *v.* VALLEY STREAM DEVELOPMENT CO., INC., and Others, Defendants.*

Supreme Court, Special Term, Kings County, March 9, 1937.

*Orr & Brennan,* for the plaintiff.

*Meyer Feldman,* for the defendant Valley Stream Development Co., Inc.

*David Feldman,* for the defendant Meyer Feldman.

*William Feldman,* for the defendant Clara H. Feldman.

*Sidney Schwach,* for the defendant Ruth Harber.

*John J. Bennett, Jr., Attorney-General,* for the People of the State of New York.

---

* Affd., 251 App. Div. 826; motion for leave to appeal denied, 252 id. 749; 276 N. Y. 637.

BRENNAN, J. This is a motion for summary judgment in a foreclosure action. The action had proceeded to judgment and sale when the plaintiff learned that during the period between the completion of its foreclosure search and the filing of its notice of pendency of the action the defendant Valley Stream Development Co., Inc., had conveyed the premises to its president, the defendant Meyer Feldman executed and delivered a full covenant and warranty deed to the defendant Harber, which deed was later recorded as a mortgage. For the purpose of bringing in the extra defendants interested in the premises because of these transactions, the plaintiff, without notice to Harber, who was not then a party, but on notice to the aforesaid corporation, then the only defendant appearing in the action, made a motion for and was granted an order setting aside the referee's deed, and opening up the proceedings and for leave to serve and file an amended complaint.

The substance of the claim of the defendant Harber seems to be that the taking of the deed from the referee in foreclosure merged the mortgage being foreclosed in said deed. No such merger is recognized when a necessary party is omitted in a foreclosure action. In such a case the purchaser at foreclosure becomes, as to those whose rights have not been cut off, an assignee of the mortgage. (8 Carmody's N. Y. Practice, 1077.)

Aside from the priority claim aforesaid, the defendants contend that the summary judgment should be denied for the reason that the complaint fails to allege the assignment to the plaintiff of the bond and that it is now the owner and holder of said bond.

That contention, if brought up at the trial, would undoubtedly be disposed of by permitting the amendment of the complaint without adjourning the trial. (Rules Civ. Prac. rule 166.) The assignment alleged in the complaint specifically included the bond as well as the mortgage, in fact, it was produced before the referee in the computation, and is now in the possession of the plaintiff.

In view of the foregoing and the fact that no substantial right of any party will be prejudiced thereby, the complaint will be deemed amended as set forth in the reply affidavit of William C. Orr.

The plaintiff's motion is in all respects granted, and the cross-motions, and each of them, are denied.