THE NEUSTADTER FOUNDATION, Plaintiff, *v.* PHILIP BERNFELD and IRVING HELLER, Copartners Trading under the Firm Name of RIVERSIDE DELICATESSEN, "JOHN BEE" and "MARY BEE," the Names of the Last Two Named Defendants Being Fictitious, the True Names of Said Defendants Being Unknown to Plaintiff, the Persons Intended Being Tenants or Persons in Possession of the Mortgaged Premises, Defendants.

Supreme Court, New York County, November 16, 1937.

*Francis K. Raynor*, for the plaintiff.

*Joseph Bernfeld*, for the defendants Philip Bernfeld and Philip Bernfeld, Jr., sued herein as " John Bee."

LAUER, J. This is a motion to dismiss the answer of the defendants herein and to grant to the plaintiff summary judgment to foreclose the mortgage as demanded in the complaint. The plaintiff, on or about March 31, 1914, acquired by assignment from the Lawyers Mortgage Company the mortgage sought to be foreclosed herein, payment of which was guaranteed by the Lawyers Mortgage Company under a policy of guaranty. On or about January 29, 1934, the Elarem Corporation, the owner of the mortgaged premises, assigned the rentals to the Lawyers Mortgage Company to secure existing interest and tax delinquencies. Thereafter rents were collected by the agents of the Lawyers Mortgage Company. An action was commenced on or about February 25, 1936, to foreclose the mortgage, and, pursuant to judgment dated September 29, 1936, the premises were sold at foreclosure on November 12, 1936, and bid in by the plaintiff. The referee's deed was delivered to the plaintiff on or about December 21, 1936. The defendants claim that they were originally named, although not served, as persons whose names were unknown to the plaintiff in the foreclosure action, but the action was discontinued as to them, and on the foreclosure sale the property was sold subject to the existing tenancy. The defendants claim to be the holders of a certain lease made by Elarem Corporation dated January 9, 1934, a few days before the assignment of rents to the Lawyers Mortgage Company, and recorded in the office of the register of New York county on December 2, 1936, a few days after the foreclosure sale. The present action is brought to cut off all rights of the defendants in the mortgaged premises.

The defenses interposed by the defendants will be considered in order: The first defense is that the plaintiff, by accepting the rents from the defendants under the assignment of rents, has ratified the lease and is bound by its terms. I see nothing to this defense, as the plaintiff had no alternative but to accept the rents as an assignee of rents. As an assignee plaintiff was bound by any lease made by the owner.

The second defense alleges an attornment. The facts before me fail to show that an attornment in fact or law took place. No rents have been collected since the plaintiff took title on December 21, 1936, and the mere fact that the defendants' check cleared the bank after that date does not create an attornment.

The third and fourth defenses set forth that, having elected not to make the defendants parties in the first action, the plaintiff is forever barred from cutting off the rights of the defendants as lessees. These defenses are not good as a matter of law. " The doctrine of election of remedies is a harsh rule which is not to be extended." (*Metropolitan Life Ins. Co.* v. *Childs,* 230 N. Y. 285, at p. 291.) A tenant is liable under his contract of lease until he is evicted, and the mere institution of an action to foreclose a mortgage superior to his lease does not constitute an eviction until there has been a sale under judgment of foreclosure. (*Prudence Co.* v. *160 West 73d St.,* 260 N. Y. 205.) Until there has been such a sale the agreements are valid and subsisting, and the mortgagee can discontinue his action and preserve his rights under the original lease even against parties named and served in the foreclosure action. (*Metropolitan Life Ins. Co.* v. *Childs, supra.*) The institution of a foreclosure action may not be regarded as an election to terminate the lease, and it would seem that the institution of such a suit without naming a lessee as a party or the discontinuing of the action as against a lessee named and served as a party may not be considered as an election barring a subsequent action to cut off the lease not foreclosed. The power either to sue or not to sue is not the possession of inconsistent remedies. There is but one remedy which may or may not be enforced. The decision to act or not to act is not an election which will bar a subsequent action. The courts have held that a purchaser may at any time reforeclose his mortgage as against the holder of a lesser interest, notwithstanding the prior defective foreclosure. (*Moulton* v. *Cornish,* 138 N. Y. 133.)

The fifth defense alleges that the plaintiff is barred in this action because the mortgage is merged in the fee title. Such is not the law, which is replete with instances adjudging that the plaintiff, for the purposes of a reforeclosure, is but a mortgagee in possession. (*Vought* v. *Levin,* 142 App. Div. 623; *Moulton* v. *Cornish, supra.*)

The sixth defense is untenable as a matter of law as the so-called moratorium statute has no application under the facts of the instant case.

The seventh defense alleges that the plaintiff has not obtained the consent of the court to bring the action. The consent of the

court is not necessary to be obtained first under the facts of the instant case.

The eighth defense is in effect one of estoppel. I fail to see where the defendants have been harmed by delay on the part of the mortgagor in enforcing its right to cut off the subordinate lease. It would appear that if the lease is a valuable one the tenants, the defendants herein, have been benefited through the forbearance of the plaintiff to act.

The ninth defense seeks to set forth the fact that the plaintiff does not come into this court with clean hands, presumably because it failed to exercise its rights to cut off the subordinate lease at the first opportunity. I cannot characterize the plaintiff's conduct in failing to exercise its rights as wrongful or of that character which would give it " unclean hands."

The motion to dismiss the defenses and for summary judgment is granted. The title of the action will be amended. Settle order and interlocutory judgment on notice.