MORTGAGE COMMISSION REALTY CORPORATION, etc., Plaintiff, *v.* COLUMBIA HEIGHTS GARAGE CORPORATION and Another, Defendants.

Supreme Court, Special Term, Kings County, October 18, 1938.

*C. Elmer Spedick*, for the plaintiff.

*Albert Paul Wollheim*, for the defendants.

SMITH (PETER B.), J.   In May, 1936, the Mortgage Commission of the State of New York and Title Guarantee and Trust Company, as plaintiffs, brought an action to foreclose the first mortgage now in suit.   Judgment of foreclosure and sale was entered on July 3, 1936.   Plaintiffs in that action were the purchasers and they assigned their bid to this plaintiff.   On August 20, 1936, plaintiff received from the referee a conveyance of the property.   The sale and the conveyance were expressly subject to a certain lease (dated September 1, 1926, recorded in liber 6509 of Mortgages, page 92) held by Columbia Heights Garage Corporation, a defendant in this action.   In that first action this defendant originally had been named as a party although never served; and upon application of the plaintiffs in that action, who decided not to cut off this lease and to sell subject thereto, this defendant was eliminated from the action.

This plaintiff, as the present owner of the property through the first foreclosure, has brought the present action nominally for the purpose of foreclosing the first mortgage again, but actually for the purpose of extinguishing as a lien against the premises, the lease held by the defendant corporation.   Plaintiff now desires to cut off this lease because it has since learned that under the lease the defendant corporation, as tenant, had made a deposit of $6,000 to secure its faithful performance and that by the terms of the lease that deposit was made a lien against the premises.   The fact that this deposit constituted a lien appears to have been overlooked or not appreciated when plaintiffs in the first action decided to eliminate the corporation as a party defendant in that action.

It now appears that for the three-month period subsequent to August 20, 1936, plaintiff has accepted from this defendant corporation rent of $300 a month.   Thereafter, in November, 1936, this plaintiff entered into a new lease with one George B. Chadwick, who is an officer of defendant corporation.   Plaintiff has also joined Chadwick as a party defendant in this action.   Apparently, plaintiff has joined him not because of his new lease, which cannot be affected by this action, but because he claims or might claim some interest in the old lease.

Both defendants have interposed a general denial. In addition, the defendant corporation sets up as a separate defense (1) that plaintiff and its assignors in the first foreclosure action elected and consented to permit the lease to remain in full force and effect and to take title subject thereto, and (2) that after this plaintiff acquired title it collected rents from the defendant corporation and recognized it as its tenant and hence the relationship of landlord and tenant was created between them.

I believe that plaintiff clearly is entitled to maintain this action for the purpose of freeing the premises from the lease held by defendant corporation and for the purpose of canceling the lien of the deposit against the premises. This defendant having been eliminated as a party in the first action, as to it that action is a nullity. As to it plaintiff is now in the same position as a mortgagee in possession or as one who has acquired the fee from the mortgagor and the first mortgage from the mortgagee. As against this defendant and as against any other incumbrancers who were not parties to the first action the mortgage has never been foreclosed and plaintiff may at any time proceed to foreclose it. Although such a foreclosure action is sometimes referred to as an action to reforeclose, in essence it is not, for as against junior incumbrancers or lienors who were omitted from the first action this is the first attempt to foreclose the mortgage.

This right to foreclose or reforeclose as against a junior lienor who was not a party to the former action is an absolute right which the senior lienor and his assigns may exercise at any time; and it may be exercised without regard to the reason for failing to join the junior lienor in the first action or for eliminating him from that action. (*Moulton* v. *Cornish*, 138 N. Y. 133, 141; *Vought* v. *Levin*, 142 App. Div. 623; *Matter of City of New York [East 29th St.]*, 247 id. 648, 652; revd., on other grounds, 273 N. Y. 62; *Neustadter Foundation* v. *Bernfeld*, 165 Misc. 640.) As to the junior lienor, this is an original foreclosure action which is brought with the same right as the first foreclosure action. In other words, the right of a mortgagee or one holding a senior lien is in no way impaired because he chooses to cut off piecemeal the rights of junior lienors. For that purpose the senior lienor and his assigns may go to the expense of bringing as many independent foreclosure actions as they desire. It follows, therefore, that their selection of certain junior lienors as the defendants in one action in order to cut off their interests first is not a bar to their bringing an action subsequently against other junior lienors in order to cut off their interests. (*Moulton* v. *Cornish, supra; Matter of City of New York [East 29th St.], supra; Neustadter Foundation* v. *Bernfeld, supra.*)

There is nothing in the conduct of plaintiff after it acquired title through the first foreclosure which prevents it from maintaining this action. While it is true that for three months plaintiff accepted rent from defendant corporation at the rate of $300 a month and thereby created a relationship of landlord and tenant between them, the proof shows that this rent was not accepted with the intention of continuing the old lease or by way of recognition or adoption of that lease. On the contrary, the proof shows that this rent was accepted without any regard to the old lease and with the understanding, at least on plaintiff's part, that defendant was occupying the premises on a month to month basis. In any event, even assuming that from the proof it may be possible to spell out a continuation or ratification of the old lease, these subsequent dealings between the parties cannot affect plaintiff's present right to a judgment of foreclosure. The primary purpose of this action is to foreclose all rights under the lease as it existed at the time judgment of foreclosure and sale was rendered in the first action or at the time plaintiff obtained title and took possession. Plaintiff's action is purely derivative; whatever rights it has it gained through plaintiffs, the mortgagees and purchasers in the first foreclosure action. Consequently, plaintiff here stands in the shoes of these mortgagees and purchasers and has succeeded to their interest in the premises. Obviously, therefore, in this action and upon the pleadings here, plaintiff is entitled to a judgment foreclosing the mortgage and cutting off as against the premises the original lease and all the rights thereunder, even though as a result of plaintiff's own conduct after it acquired title certain new rights may have arisen. While such rights may, perhaps, be enforced by counterclaim or by other appropriate action against plaintiff they do not constitute a defense and cannot stand in the way of plaintiff's right to cut off the original lease which has always remained subordinate to the first mortgage. In other words, whatever new rights this defendant corporation or defendant Chadwick or the plaintiff may have acquired and whatever new liabilities they may have incurred as a result of their own later dealings, upon the pleadings here these intervening rights and liabilities are not involved and, hence, they cannot be adjudicated and will not be affected by a judgment in this action. However, there is no need to discuss further or to determine these rights or liabilities since the proof fails to show that the subsequent dealings resulted in a continuation or extension of the old lease.

Of course, with respect to the new lease which defendant Chadwick personally obtained from plaintiff in November, 1936, no adjudication may be made in this action. Nor is plaintiff seeking

any relief as far as that lease is concerned. By this action plaintiff is seeking merely to cut off as against the premises whatever right or interest defendant Chadwick and the defendant corporation may have or claim by reason of the old lease; and to this relief plaintiff clearly is entitled.

Accordingly, judgment of foreclosure and sale will be entered. This will provide for cutting off and foreclosing as against the premises all rights and claims of defendants George B. Chadwick and Columbia Heights Garage Corporation based upon the old lease but leaving unimpaired and unaffected the intervening rights and liabilities which may have been created since the entry of the judgment in the first action.

Submit findings and judgment on two days' notice.