Matthew M. Levy, J.
Defendant moves for summary judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice, or for an order dismissing the complaint pursuant to rule 107 (without specifying which of the eight subdivisions of rule 107 is relied on) or for judgment on the pleadings dismissing the complaint pursuant to rule 112 (without submitting any points thereunder — see New York County Supreme Court Rules, Special Term, Rule II, subd. 5), and for a further order vacating the lis pendens filed herein. In response thereto plaintiff submits an affidavit by an attorney who does not purport to present evidence or indeed to have any knowledge of the facts. Rather, the answering affidavit contains argument and citations and quotations of cases (see, as to the propriety of such an affidavit, Deutsch v. City of New York, 200 Misc. 864, 865). By way of counterattack, plaintiff moves *627 for an order granting plaintiff judgment on the pleadings pursuant to rule 112 (also, without submitting any points thereunder as required — Tripp, Guide to Motion Practice [rev. ed.], § 9, p. 23).
This is a reforeclosure action brought pursuant to subdivision 2 of section 1082 of the Civil Practice Act. The right of reforeclosure is given, among other reasons, to dispose of the encumbrances of those who were junior lienors at the time of the original foreclosure but who were not joined as parties to that action, and thus to perfect a defect in the judgment of or sale under the first foreclosure. And, as held in Vought v. Levin (142 App. Div. 623, 625) this right to foreclose or reforeclose as against the junior lienor is an absolute right which the senior lienor may exercise at any time.
It appears that a mortgage affecting the premises involved in the instant action was held by Kap Properties, Inc. Kap instituted a foreclosure action. The present defendant (A-l Plumbing & Heating Co., Inc.) was a junior lienor and was not included as a defendant in the foreclosure suit. On the foreclosure sale, a Referee’s deed was made to Kap (the plaintiff in that action). That deed, dated September 9, 1958, was recorded October 1, 1958. Kap then conveyed to Tonlin Realty Corp.; that deed was recorded December 26, 1958. Tonlin deeded to the present plaintiff (Monday Properties, Inc.); that deed was recorded March 12, 1959.
Defendant argues that plaintiff is not the assignee of the mortgage, but that fact is immaterial (First Nat. Bank v. Valley Stream Development Co., 165 Misc. 946, afifd. 251 App. Div. 826). A foreclosed mortgage ordinarily merges in the judgment and in the Referee’s deed (Rector v. Mack, 93 N. Y. 488). The law is clear that a “ purchaser on the foreclosure who enters into possession becomes, as to those whose rights have not been cut off by the foreclosure, an assignee of the mortgage, and a mortgagee in possession, for the purpose of a reforeclosure ” (see 15 Carmody-Wait, New York Practice, p. 457, and the cases cited therein). It is defendant’s further contention that a reforeclosure may be pursued only by the purchaser at the Referee’s sale. The senior lienor in this case was the foreclosing mortgage-holder who took title from the Referee and not only he, but, as I view it, his assigns, may reforeclose (see Endries v. Paddock, 241 App. Div. 195, affd. 267 N. Y. 526). Subsequent purchasers succeed to these rights gained by the purchaser in the foreclosure action (Mortgage Comm. Realty Corp. v. Columbia Hgts. Garage Corp., 169 Misc. 618, affd. 258 App. Div. 736).
*628 Upon this analysis of the pleadings and the facts contained in the affidavits, it would seem that judgment should be awarded to plaintiff for further proceedings under subdivision 2 of section 1082.
However, there are two important further — and perhaps connected — considerations that call a halt to this disposition. In the complaint, plaintiff makes no allegation as to its status in respect of the property or the mortgage until the last paragraph. There it is stated: “ That the defendant herein has or claims to have some interest in or upon the lien of the said mortgaged premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the mortgage held ~by plaintiff’s assignor and is subject and subordinate thereto.” (Italics supplied.) This oblique reference to plaintiff’s status as “ plaintiff’s assignor ” is wholly inadequate and quite meaningless, since there has been no specific allegation in the complaint (or even in plaintiff’s supporting affidavits on these motions) of an assignment to plaintiff of anything whatever or that plaintiff is the holder of any instrument by which it has succeeded to the right to foreclose.
It may very well be that plaintiff has neglected to make specific allegations in that regard because, at the time of the verification of the complaint, it knew that it was about to convey title. It appears from the chain of title set forth in defendant’s moving affidavit that plaintiff itself conveyed to Candome Realty Corp. by deed recorded June 10, 1959, whereas the summons herein is dated and the complaint was verified on June 3,1959. It is thus shown that plaintiff is now out of title. Indeed, the complaint herein does not allege that plaintiff now has title (16 Carmody-Wait, New York Practice, p. 8), and Candome, its grantee, is not a party to this suit.
In this posture, therefore, it seems to me that defendant’s motion to dismiss the complaint should be granted upon the ground that the complaint fails to show by appropriate allegation that plaintiff has status to sue herein within the principles above enunciated, with leave to plaintiff to amend so as to show such status, if under the actual facts it can do so, and without prejudice to an application, if the facts so warrant, for substitution or joinder of the apparent assignee as a party plaintiff (Civ. Prac. Act, § 83).
It is so ordered, and the motions are disposed of accordingly. Plaintiff may serve an amended complaint or move as aforesaid within 10 days after the service of copies of the orders hereon with notice of entry. In the meanwhile, so much of defendant’s application as seeks to vacate the lis pendens is denied. If *629 plaintiff fails to serve an amended complaint or move as herein-before permitted, defendant may, upon proof thereof, apply ex parte for the entry of judgment of dismissal and the cancellation of the lis pendens. Orders of disposition consonant herewith have been signed and entered.