OPINION OF THE COURT
William D. Friedmann, J.
This summary proceeding seeks to remove respondent as a holdover tenant.
THE ISSUE
It places in focus whether a tenant not made a party to an in rem foreclosure proceeding has the right to remain in possession until the end of its lease term. In other words, what effect, if any, does an in rem procéeding have upon the tenant’s right to possession. Does the tenant have the right as it contends here to remain under an extended lease with a former owner, expiring on March 30, 1991, or is tenant, as the new landlord contends, merely month to month subject to landlord’s right to immediate possession?
Upon the recommendation of the court, and stipulation of counsel, all jurisdictional aspects were conceded, and it was agreed that conflicting contentions would be considered as if both parties had moved for summary judgment. The court was to rely upon the pleadings, undisputed facts, documents marked in evidence, and upon an exchange of legal memoranda.
*850 UNDISPUTED RELEVANT FACTS
The undisputed facts relevant to the court’s consideration of this disputed issue are chronologically:
(1) Tenant’s possession under a lease with a former owner commenced on March 1, 1965. (2) The City of New York on July 23, 1974 commenced an in rem foreclosure proceeding in compliance with all statutory requirements. (3) Tenant was never served or made a party to the in rem proceeding. (4) Tenant’s lease was extended by a former owner on January 6, 1976 to commence April 1, 1976 and terminate on March 30, 1991. The lease was subsequently recorded on July 10, 1979. (5) Title vested in the City of New York on December 5, 1979, as the result of the in rem proceeding. (6) Thereafter, tenant remained in possession under an oral arrangement with the city. It contended its possession continued under the terms of its prior existing lease. (7) The Board of Estimate of the City of New York by resolution of September 24, 1981 authorized that the subject property be sold at public auction (New York City Charter, § 384). (8) The terms and conditions of this separate land sale by the city indicated that it was “subject to * * * the rights, if any, of tenants and persons in possession, if any”. (9) Landlord was the successful bidder at the auction sale on December 9, 1981. The deed it received from the city on March 2, 1982 was “subject to * * * the rights, if any, of tenants and persons in possession, if any”. (10) Landlord thereafter served its 30-day notice and commenced this holdover proceeding (RPAPL 711).
THE LAW
The property in question was the subject of a real estate tax lien against which in rem foreclosure proceedings were commenced on July 23, 1974, and concluded in judgment on December 5, 1979. The tenant, who was in possession under a lease existing at the time of the in rem proceeding commencement, was never brought into the proceeding.
Tenant now claims that its tenancy was unaffected by the foreclosure proceeding since it was not made a party thereto. It places substantial, if not exclusive, reliance on Howard v Kerr (82 Misc 2d 1039). Unquestionably, the court there found that a tenant not made a party to an in *851 rem foreclosure proceeding had a right to remain in possession until the end of the lease term. However, this court believes that the determination in Howard v Kerr (supra) is predicated on a fundamental error of law, the court holding that an in rem tax foreclosure proceeding is analogous to a mortgage foreclosure proceeding requiring the application of procedures which govern in such cases. The Howard v Kerr conclusion rested on Weiss v Stone (129 NYS2d 525) and Edbro Realty Co. v Clarey (141 Misc 779, affd 235 App Div 714). While those cases unquestionably hold that mortgage foreclosure procedures are applicable, they are not in rem proceedings. In both of these cases, the courts clearly state that they are proceedings brought to foreclose tax liens under different provisions of the applicable local statutes. This is particularly apparent from the fact that the plaintiff, in both instances, is not the taxing authority but rather an individual who purchased the tax lien.
The Administrative Code of the City of New York permits enforcement of tax liens by an action in the nature of a mortgage foreclosure (Administrative Code of City of New York, § 415[l]-35.0). This procedure may be used either by the city or by the purchaser of lien under a transfer of tax lien (Administrative Code, §§ 415[1]-31.0, 415[l]-33.0). Regardless of who the plaintiff is under this procedure the purpose of the action is to obtain a judgment directing the sale of the realty to satisfy the lien (Administrative Code, § 415[l]-42,0) It is this procedure which was used in Weiss (supra) and Edbro (supra).
The Administrative Code provides an alternative enforcement remedy to the City of New York (Administrative Code, § D17-2.0, subds a, b). This alternative remedy is in rem foreclosure utilized herein. It is intended to be a summary proceeding (Administrative Code, § D17-4.0) which results in a judgment directing the actual transfer of title to the City of New York in satisfaction of the tax debt (Administrative Code, § D17-12.0, subd b). The in rem proceeding is one against the land and divests the owner and all others of any interest in the land (see City of New Rochelle v Stevens, 271 App Div 977). Since it is in rem and not in personam, it does not provide for personal service on *852 the owner, mortgagee or other person with interest, but rather provides for notice by publication and ordinary mail (Administrative Code, §§ D17-6.0, D17-6.0, subd c).
Such alternative enforcement proceedings available to taxing authorities are not peculiar to the City of New York. (Cf. Real Property Tax Law, art 11, tit 2, with Real Property Tax Law, art 11, tit 3.)
CONCLUSION
This court finds the proceeding was unquestionably in rem foreclosure and that all appropriate acts were taken resulting in title vesting in the City of New York. The city’s title was properly conveyed to landlord at a separate public land sale auction and closing. Thus the in rem judgment vesting title in the city and relied upon by the landlord herein divested the tenant of any interest in the property.
No consideration, therefore, need be given to tenant’s subsequent tenancy. Landlord’s contention that tenant is no more than month to month is correct.
Tenant’s lease entered into with the former owner provides no greater right. An in rem foreclosure proceeding is commenced by the filing of a delinquent tax list. Such filing with the county clerk is the equivalent of a notice of pendency and has the same effect (Administrative Code, § D17-5.0, subd c). Therefore, the delinquent tax list, like a notice of pendency, is constructive notice to all who take a subsequent interest in the realty of the pendency of the action. A person whose interest is acquired after such filing is bound by all proceedings in the action as if he were a party (CPLR 6501). Tenant’s lease, executed on January 6, 1976 and subsequently recorded on January 10, 1979, was subject to that notice and tenant is subject to all proceedings in the in rem foreclosure as if it were a party.
Under the circumstances tenant may not claim any rights under its existing lease. Accordingly, judgment of possession is granted. The question of use and occupancy or any stay of proceedings is reserved for a future hearing to be scheduled upon three days’ notice.