SHEPARD, Chief Justice,
concurring in result.
What we have here is an appeal involving a contract sale of 200 acres and a single tenant-farmer in a rural area. The court has used this case to alter the property interests of owners and lenders in billions of dollars of commercial and industrial real estate. There is no need for this sort of sua sponte expansiveness.
To be sure, we have been treating termination of land-sale contracts largely by reference to the law of mortgage foreclosure since the 1978 decision in Skendzel v. Marshall, 261 Ind. 226, 301 N.E.2d 641. Principles from mortgage foreclosure law are thus helpful to resolving the present case. By the same token, the majority makes quite clear that it intends the legal rule announced in this case to govern future decisions in mortgagor/mortgagee cases, a vastly larger and more complex part of the state's economy.
The generic rule that foreclosure by a mortgagee extinguishes the property interests of others named in the foreclosure but not the interests of those not named is simple hornbook law. Ind. Law Encyclopedia, Mortgages § 148 (West 2001). I take this to be a nearly ironclad principle in the world of foreclosing recorded interests. Where the holder of a first mortgage forecloses on the property owner without for some reason naming the holder of the second mortgage or the holder of a subsequent lien, the latter's interest in the property remains unaffected.
*141 The law of mortgage foreclosure as respects varying «unrecorded interests is rather different, as one of the authorities cited in the majority opinion demonstrates.
It is true that the court in Farm Credit Bank of St. Paul v. Martinson, 478 N.W.2d 810 (N.D.1991), majority opin. at 135-36, recited the same general rule that appears in LLE. on the merits; however, the court rejected Martinson's contention that his continued use of the land "as if it were his own" by agreement with his mother, the owner/mortgagor, constituted an interest in the land that was not extinguished in the foreclosure action between the bank and his mother.
The approach to interests more formal than Mr. Martinson's appears to be that where a formal lease predates a lender's mortgage, foreclosure and sale on the demised premises does not terminate the lease. Malamut v. Haines, 51 F.Supp. 837 (M.D.Pa.1943); Bank of America v. Hirsch Mercantile Co., 64 Cal.App.2d 175, 148 P.2d 110 (1944). By contrast, mortgage foreclosure does operate to terminate a leasehold created subsequent to the mortgage, even where the lessee has not been named in the foreclosure action. Hecht v. Dittman, 56 Iowa 679, 7 N.W. 495 (1880); Korean Presbyterian South Church v. Rack & Ball Club, Inc., 116 Misc.2d 849, 456 N.Y.S.2d 627 (N.Y.Civ.Ct.1982). Even where a foreclosing mortgagee is deemed not to have extinguished a lease by virtue of an initial foreclosure, the lease may be subject to reforeclosure. Neustadter Foundation v. Bernfeld, 165 Misc. 640, 1 N.Y.S.2d 58 (N.Y.Sup.Ct.1937).
Whether Indiana ought to follow these authorities or others should the questions involved be squarely put to us in a mortgage foreclosure case I do not know. But this is not a mortgage foreclosure case. It is a forfeiture of interest in a contract sale of agricultural land featuring just three parties who all plainly knew about each other. Since Skendzel, we have treated land contract arrangements like mortgages as a matter of common law equity.
Importing the open-ended idea of equity into the complicated, largely statutory system which governs the massive interests of commercial real estate mortgages, applying it to past and present financial commitments, and declaring that all subordinate unrecorded or informal possessors survive unaffected by foreclosure unless the lender undertakes to obtain service of process on all of them is really quite remarkable.
I perceive that today's ruling is not really consonant with prevailing national doe-trine on mortgages, but would put off that debate until such moment as we might have before us parties like mortgage lenders and owner/mortgagors of apartment buildings, shopping centers, or other commercial or industrial real estate whose world is being altered by today's declaration.
SULLIVAN, J., concurs.