■ 2035 REALTY CO., Appellant, v HOWARD FUEL CORP., Respondent.— In an action for "strict foreclosure" pursuant to section 1503 of the Real Property Actions and Proceedings Law, plaintiff appeals from an order of the Supreme Court, Westchester County, dated October 17, 1979, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted and matter remitted to the Supreme Court, Westchester County, for entry of judgment in accordance herewith. The property in question was sold to Troy Savings Bank following entry of a judgment of foreclosure. Thereafter Troy assigned its interest to plaintiff. Defendant, who possessed a junior lien upon the premises by virtue of a judgment entered against the former fee owner, was inadvertently not named as a defendant in the prior foreclosure action. Plaintiff, upon learn-

ing of defendant's lien, brought this action to reforeclose the mortgage. Section 1503 of the Real Property Actions and Proceedings Law establishes an action in strict foreclosure where an original foreclosure judgment, sale or conveyance may be void or voidable as against any person. The statute grants a purchaser the right to maintain an action, "to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage." Plaintiff's right to reforeclose against defendant's junior lien is an absolute right (see *Riccio v Bank of Commerce,* NYLJ, May 31, 1979, p 15, col 3; *Monday Props. v A-1 Plumbing & Heating Co.,* 25 Misc 2d 625; Real Property Actions and Proceedings Law, § 1503). Therefore, the issue of fact raised by defendant, whether plaintiff had knowledge of defendant's lien at the time it took the assignment is irrelevant. Accordingly, the matter is remitted to Special Term for entry of judgment in accordance herewith, which judgment shall provide defendant with an opportunity to exercise its right of redemption for a period of 60 days from entry thereof (see Real Property Actions and Proceedings Law, § 1523). Damiani, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.