■ WILLIAM T. AHERN et al., Appellants, v LYNNE L. PIERCE et al., Respondents. [653 NYS2d 620] —In an action to reforeclose a mortgage pursuant to RPAPL 1503, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered March 25, 1996, which denied the plaintiffs' motion for a preliminary injunction preventing the defendants from conducting an execution and sale of the subject premises pending the determination of the action, granted the defendants' cross motion to dismiss the complaint, and imposed sanctions on the plaintiffs' attorney.

Ordered that the order is reversed, on the law, with costs, the cross motion to dismiss the complaint is denied, the complaint is reinstated, the sanctions on the plaintiffs' attorney are vacated, and the motion for a preliminary injunction preventing the defendants from conducting an execution and sale of the subject premises pending the determination of the action is granted.

After purchasing the subject property at a mortgage foreclosure sale, the Greenpoint Savings Bank (hereinafter Greenpoint) commenced a reforeclosure action pursuant to RPAPL 1503 to resolve liens held by the defendants herein which had inadvertently been omitted from the foreclosure action. During the pendency of that action, Greenpoint sold the property to the plaintiffs herein. The court rendered judgment in Greenpoint's favor, but thereafter vacated the judgment on the ground that Greenpoint no longer had standing once it sold the property to the plaintiffs. The plaintiffs commenced the instant reforeclosure action seeking the same relief. The Supreme Court dismissed their complaint and imposed sanctions against the plaintiffs' attorney. We reverse.

Contrary to the Supreme Court's determination, the plain-

tiffs have standing to maintain this action. A reforeclosure action pursuant to RPAPL 1503 may be maintained by the purchaser in the foreclosure action, as well as those who possess the property as "successors" to the purchaser (*see, 2035 Realty Co. v Howard Fuel Corp.*, 77 AD2d 870; *Monday Props. v A-1 Plumbing & Heating Co.*, 25 Misc 2d 625; *Quaremba v Nassau Suffolk Lbr. & Supply Corp.*, 21 Misc 2d 645).

Because the previous action concluded with the court's dismissal of the complaint, the instant action is a new action, in which the doctrine of the law of the case is inapplicable (*see, Matter of McGrath v Gold*, 36 NY2d 406, 413; Siegel, NY Prac § 448, at 679 [2d ed]). Nor is the instant action barred by collateral estoppel or res judicata, because the issue of the plaintiffs' entitlement to reforeclosure relief was not litigated in the Greenpoint action and the plaintiffs were not parties to that action. Because the complaint made out a cause of action for reforeclosure, the Supreme Court should not have dismissed the action on the further ground that it failed to state a cause of action. Moreover, the record provides no basis for the imposition of sanctions against the plaintiffs' attorney.

Weighing the relevant factors, including the irreparable injury which would result from the sale of the subject premises at an execution sale, the plaintiffs are entitled to a preliminary injunction preventing the defendants from conducting an execution and sale of the subject premises pending the determination of the action. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.