[701 NYS2d 69]

6820 RIDGE REALTY, L. L. C., et al., Appellants, v STEVEN GOLD-MAN et al., Defendants, and STEPHEN BAUMGARTEN et al., Respondents.

Second Department, November 22, 1999

APPEARANCES OF COUNSEL

*Zeichner Ellman & Krause,* New York City (*Nathan Schwed* of counsel), for appellants.

*Borah, Goldstein, Altschuler & Schwartz, P. C.,* New York City (*Jeffrey R. Metz* and *Steven L. Schultz* of counsel), for respondents.

### OPINION OF THE COURT

KRAUSMAN, J.

The primary issue we are asked to determine is whether the owners of an apartment building purchased at a foreclosure sale may maintain an action for strict foreclosure pursuant to RPAPL 1352 to cut off the leasehold rights of commercial tenants who were not joined as defendants in the original foreclosure suit. For the reasons which follow, we conclude that an action for strict foreclosure may be maintained to extinguish a commercial tenant's possessory interest in real property, and that the plaintiffs in this action are entitled to a judgment in their favor against the defendant tenants.

The relevant facts underlying this action are undisputed. In the spring of 1990, the defendants Steven Goldman, Elliot Lederman, Stephen Baumgarten, and Sushiel Samant entered into a contract to lease a ground-floor apartment in a cooperative apartment building located at 2301 Ocean Avenue in Brooklyn. Under the terms of the contract, the defendants, who are doctors, were required to pay the cooperative corporation $220,000 in exchange for a long-term professional lease which would entitle them to use the leased apartment as a medical office.

On November 1, 1990, the defendant doctors executed a lease which gave them the right to occupy the ground-floor apartment for an initial period of 40 years, at a rent which would be the same as if 121 shares had been allocated to the unit. Under this formula, the rent was initially calculated to be $625.57 per month for the apartment. The lease expressly provided that it would be "subject to all present and future ground or underly-

ing leases and to any mortgages now or hereafter liens upon such leases or on the land and building * * * and to any and all extensions, modifications, consolidations, renewals and replacements thereof."

In April 1993, the cooperative corporation defaulted on its obligation to make mortgage payments to the Apple Bank for Savings, which held a first mortgage on the premises, leaving a balance due under the mortgage of over $2,500,000. In the fall of 1993, Apple Bank commenced a foreclosure action against several parties, including the cooperative corporation, a commercial tenant, and a number of "John Doe" tenants with possessory interests in the premises. However, the doctors were not named as defendants or served with process in the foreclosure action. On July 1, 1996, the Supreme Court, Kings County (Shaw, J.), entered a judgment of foreclosure and sale in favor of Apple Bank. The judgment directed that all named defendants be "forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises." The judgment further directed that the premises be sold subject to "the rights of tenants or persons in possession of the subject premises."

At a foreclosure sale on August 15, 1996, Apple Bank successfully bid $2,500,000 to purchase the property. After making the successful bid, the bank assigned its right to purchase the property to the plaintiffs, 6820 Ridge Realty, L. L. C. and 564 Associates, L. L. C. A Referee's deed was subsequently delivered to the plaintiffs on November 22, 1996. On that date, the court-appointed receiver also notified all tenants in the apartment building that their landlord's interest in the premises had been transferred to the plaintiffs, and that all payments due under their leases should be made to them. However, the plaintiffs refused to accept rent from the doctors for their medical office.

One year later, in November 1997, the plaintiffs commenced this strict foreclosure action against the doctors in order to extinguish their right of redemption and possessory interest in the premises. Only two of the doctors, Stephen Baumgarten and Sushiel Samant, answered the complaint. In their answer, Baumgarten and Samant asserted a counterclaim for a judgment declaring that the foreclosure sale had not extinguished their right to remain in possession pursuant to their lease.

In May 1998, the answering defendants Baumgarten and Samant moved, *inter alia,* to dismiss the complaint for failure to state a cause of action, and for summary judgment on their

counterclaim. In support of the motion, they argued that their right to rent their apartment had not been terminated by foreclosure of the Apple Bank mortgage because they were not joined as defendants in that action, and the judgment itself directed that the premises be sold subject to the existing rights of tenants in possession.

The plaintiffs countered by cross-moving, *inter alia,* for summary judgment in their favor. Although the plaintiffs conceded that the defendants' leasehold rights had not been terminated by the original foreclosure action, they maintained that they were entitled to bring a strict foreclosure action to cut off a possessory interest in the premises which was subordinate to their ownership interest.

The Supreme Court dismissed the action against all four defendant doctors, and awarded the moving defendants summary judgment on their counterclaim. In reaching its determination, the court found that since the doctors had not been named as defendants in the foreclosure action, the plaintiff purchasers took title subject to their possessory interest as tenants. The court further concluded that the plaintiffs could not "succeed upon a theory of strict foreclosure or reforeclosure as such an action may only properly be commenced against lien holders as opposed to parties with mere possessory rights in the subject premises as is the case at bar." The court's finding that a strict foreclosure or reforeclosure action could be brought only against a lienholder was based upon a New York County Supreme Court case, *Vendome Commercial v 57th St. Video & Photo* (NYLJ, Dec. 4, 1996, at 26, col 1). The court also explained that it had dismissed the action against the two doctors who had failed to appear, Steven Goldman and Elliot Lederman, since they were united in interest with the moving defendants.

On appeal, the plaintiffs contend that the Supreme Court erred in holding that a strict foreclosure action may not be brought against a commercial tenant with a possessory interest in real property.

We begin our analysis by examining RPAPL 1311, which requires the plaintiff in a mortgage foreclosure action to join, as a party defendant, any person "whose interest is claimed to be subject and subordinate to the plaintiff's lien." Under the statute, these necessary parties include "[e]very person having an estate or interest in possession * * * in the property as tenant in fee," as well as all junior lienholders (RPAPL 1311 [1]). Thus, tenants are clearly necessary parties to a foreclosure ac-

tion (*see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 404; *Flushing Sav. Bank v CCN Realty Corp.,* 73 AD2d 945). The rationale for joinder of tenants and junior lienholders "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale" (*Polish Natl. Alliance v White Eagle Hall Co., supra,* at 404).

The absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party (*see, Polish Natl. Alliance v White Eagle Hall Co., supra,* at 406; *see also, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538). Accordingly, a tenant in possession pursuant to a lease which is subordinate to the mortgage, but who was not made a party to the foreclosure action, cannot be dispossessed by the purchaser at the foreclosure sale (*see,* 3 Bergman, New York Mortgage Foreclosures § 33.04 [2]). However, in such cases, the purchaser of the foreclosed property has two potential remedies—the commencement of a strict foreclosure action pursuant to RPAPL 1352, or a reforeclosure action pursuant to RPAPL 1503.

In the case at bar, the plaintiff purchasers opted to commence a strict foreclosure action pursuant to RPAPL 1352. This provision authorizes the court to issue a judgment that fixes a time period within which any person having a right of redemption or right to foreclose a subordinate lien must act to redeem or begin a foreclosure action. If the person having a right of redemption or subordinate lien fails to redeem the property or commence a foreclosure action within the time period fixed by the court, such person "shall be excluded from claiming any title or interest in such property and all title or interest of such person * * * shall thereby be extinguished and terminated" (RPAPL 1352). Since RPAPL 1352 operates to "dispose of the encumbrances of those whose interests were junior at the time of the original foreclosure but who were not joined as parties to that action," a judgment of strict foreclosure "cures a defect in the judgment or sale under the first foreclosure" (3 Bergman, New York Mortgage Foreclosures § 32.03 [1]).

The terms "strict foreclosure" and "reforeclosure" are often used interchangeably, and like a strict foreclosure action, a reforeclosure action results in a judgment which gives a junior lienor or encumbrancer a specific time period in which to

exercise the right to redeem or foreclose (3 Bergman, New York Mortgage Foreclosures § 32.02). However, there are some significant differences between the statutory provisions governing these remedies. In contrast to RPAPL 1352, which governs strict foreclosure, RPAPL 1503 permits a reforeclosure action to be maintained even where an action against the defendant to foreclose the mortgage under which the foreclosure sale was held or to extinguish a right of redemption would be barred by the Statute of Limitations. Perhaps due to the fact that a reforeclosure action may be maintained even after the right to foreclose the superior mortgage or a right of redemption would be time-barred, RPAPL 1523 further provides that a judgment of reforeclosure may be issued only where it appears that "there was a defect in the original foreclosure proceeding * * * [which] was not occasioned by the fraud or wilful neglect of the plaintiff" (RPAPL 1523 [1]). In contrast, RPAPL 1352 places no such limitation on the right to obtain a judgment of strict foreclosure. In addition, while the primary function of RPAPL 1352 is to adjudicate the rights of those with subordinate interests in the property, RPAPL 1523 additionally permits the court, upon entering a reforeclosure judgment, to direct a new sale of the premises (see, RPAPL 1523 [4]).

With this statutory background in mind, we turn now to the issue of whether a tenant is included in the category of persons whose interest in real property is subject to strict foreclosure. By its terms, RPAPL 1352 expressly permits a strict foreclosure action to be maintained against any person having a right of redemption in the property, and provides that where such person fails to redeem within a specified time period, the right of redemption will be lost, and the person's interest in the property extinguished. In New York, it has long been held that a tenant for years has a right to redeem the mortgage of his lessor that was made before the lease under which the tenant claims (see, Averill v Taylor, 8 NY 44; see also, Goldstein v Soledad Place Corp., 157 Misc 2d 801; Dominion Fin. Corp. v 275 Washington St. Corp., 64 Misc 2d 1044). Over one hundred years ago, in Averill v Taylor (supra), the Court of Appeals explained that the lessee is afforded an opportunity to redeem the property to prevent a "sale of the land to the mortgagee, or to a stranger, [which] will destroy his estate for years" (Averill v Taylor, supra, at 54). Thus, "in a foreclosure action, the holder of a leasehold affecting the mortgaged premises which is subordinate in lien to a mortgage being foreclosed, is in the position of a junior lienor * * * If it is necessary for the protec-

tion of its interests, the tenant may pay the mortgage debt and be subrogated to the rights and remedies of the holder thereof" (*Dominion Fin. Corp. v 275 Washington St. Corp., supra,* at 1048).

Since a tenant does have an equitable right to redeem his landlord's mortgage, which is not extinguished when the mortgagee omits the tenant as a party in a foreclosure action, a tenant comes within the class of persons against whom a strict foreclosure action can be brought. Consequently, the purchaser of property at a foreclosure sale has a statutory right to commence a strict foreclosure action against an omitted tenant, and to obtain a judgment requiring the tenant to either redeem the foreclosed mortgage, or be precluded from claiming "any title or interest in such property" (RPAPL 1352), including a continued possessory interest.

We further note that even prior to the enactment of the RPAPL provisions which now govern strict foreclosure and reforeclosure, the purchaser's right to commence an action to extinguish the possessory interest of a tenant omitted from the original foreclosure proceeding was recognized at common law. In *Neustadter Found. v Bernfeld* (165 Misc 640), the plaintiff foreclosed a mortgage against real property, and then purchased the property at a foreclosure sale. The defendants, who leased the premises, were not served in the original foreclosure action, and the property was sold subject to the existing tenancy. The plaintiff then commenced an action to cut off all rights of the defendants in the mortgaged premises. As an affirmative defense, the defendants argued, *inter alia,* that since the plaintiff had elected not to make them parties in the first action, it was forever barred from terminating their rights as lessees. In rejecting this defense, and awarding the plaintiff summary judgment, the Supreme Court observed that the commencement of a foreclosure action without naming a lessee as a party was not an election of remedies which barred a subsequent action to cut off the lease, noting that "the courts have held that a purchaser may at any time reforeclose his mortgage as against the holder of a lesser interest, notwithstanding the prior defective foreclosure" (*Neustadter Found. v Bernfeld, supra,* at 642).

In *Mortgage Commn. Realty Corp. v Columbia Hgts. Garage Corp.* (169 Misc 618, *affd* 258 App Div 736), the mortgagee chose not to cut off the defendant's lease in the original foreclosure action, and to sell the property subject to the lease. After the plaintiff purchased the property at the foreclosure sale, it

discovered that the defendant corporation had made a $6,000 deposit to secure its faithful performance of its obligations as tenant, and that the lease provided that this deposit would be made a lien against the premises. The plaintiff purchaser then commenced an action against the defendant tenant, seeking both to cancel the lien and to foreclose all of the defendant's rights under the lease as it existed at the time judgment of foreclosure and sale was rendered in the first action, or at the time the plaintiff obtained title and took possession. The Supreme Court concluded that the plaintiff was entitled to a judgment of foreclosure, reasoning that the right to bring a second action against a junior lienor who was not a party to the first action was an absolute right which could be exercised without regard to the reason for failing to join the junior lienor in the original foreclosure proceeding. In this regard, the court observed that "the right of a mortgagee or one holding a senior lien is in no way impaired because he chooses to cut off piecemeal the rights of junior lienors. For that purpose the senior lienor and his assigns may go to the expense of bringing as many independent foreclosure actions as they desire" (*Mortgage Commn. Realty Corp. v Columbia Hgts. Garage Corp., supra*, at 620). In keeping with the rationale of *Mortgage Commn. Realty Corp. v Columbia Hgts. Garage Corp. (supra)*, this Court has continued to hold that a purchaser's right to foreclose against a junior lienor is an absolute right (*see, 2035 Realty Co. v Howard Fuel Corp.,* 77 AD2d 870).

The right to bring a second action to foreclose a tenant's possessory interest was also upheld in *Riccio v Bank of Commerce* (NYLJ, May 31, 1979, at 15, col 3). In *Riccio (supra),* the plaintiffs failed to name the Bank of Commerce, which leased the premises, as a defendant in a foreclosure action. After successfully bidding for the property at a foreclosure sale, the plaintiffs commenced a reforeclosure action against the tenant bank pursuant to RPAPL 1503. In awarding the plaintiffs summary judgment, the Supreme Court rejected the defendant bank's claim that it was not an encumbrancer subject to reforeclosure. In this regard, the Riccio court observed that the defendant, as a tenant for years of mortgaged premises, would have a right of redemption to protect its interests, and it was that right of redemption which may be extinguished in a reforeclosure of the mortgage.

As these cases illustrate, the purchaser's right to commence a second action to foreclose a commercial tenant's equity of redemption and leasehold interest is a well established facet of

real property law. However, *Vendome Commercial v 57th St. Video & Photo (supra)* provides contrary authority. In *Vendome,* the mortgagee failed to name several commercial tenants as defendants in its foreclosure action, and the ensuing judgment of foreclosure provided that the premises would be sold subject to, *inter alia,* " 'leases of tenants not made parties to this action if any' " (*Supra,* at 26, col 2). The plaintiff's predecessor purchased the property at an auction, and collected rent from the commercial tenants. Shortly after purchasing the premises, the plaintiff commenced an action seeking to " 'extinguish any right, lien, interest or claim of possession' " (*supra*), including the right of redemption, that the defendant tenants had in the subject premises. The Supreme Court concluded that the plaintiff was not entitled to bring an action to terminate the rights which the defendants had under their leases under either RPAPL 1352 or 1503 because the defendants had only a possessory interest, rather than a security interest, in the premises. The *Vendome* court distinguished the case of *Mortgage Commn. Realty Corp. v Columbia Hgts. Garage Corp. (supra),* by asserting that it involved a situation in which a second action was brought to extinguish a lien which had inadvertently been overlooked in the original foreclosure proceeding. The *Vendome* court also concluded that the case of *Riccio v Bank of Commerce (supra)* was distinguishable, because the reforeclosure action in *Riccio* had been commenced by the original purchaser of the property at a foreclosure sale, and the decision did not indicate that the property had been sold subject to the leases of tenants omitted from the original foreclosure action.

We reject the *Vendome* court's conclusion that an action for strict foreclosure or reforeclosure can only be commenced against one with a security interest in the property. This rationale conflicts with the terms of RPAPL 1352 and 1503, which permit a strict foreclosure or reforeclosure action to be maintained to extinguish the interest of any person who has the right to enforce an equity of redemption. Significantly, RPAPL 1352 provides that if a person holding a right of redemption fails to exercise it within the time period set by the court, such person's title and interest in the property will be extinguished and terminated. Nothing in the statute restricts to lienholders the category of persons whose interest in real property may be cut off. To the contrary, the statute provides that the failure to redeem will extinguish all of a potential claimant's interest in the property, which may include a possessory interest.

Furthermore, we are unconvinced by the *Vendome* court's attempt to distinguish prior precedent. To the extent that the *Vendome* court suggested that the remedy of reforeclosure is available only to the original purchaser of property at a foreclosure sale, its conclusion is contradicted by RPAPL 1503, which specifically provides that a reforeclosure action may be brought by the purchaser, the purchaser's designee, or "the successor of any such person, in possession of such real property" (RPAPL 1503; *see, Ahern v Pierce,* 236 AD2d 343). Moreover, in *Mortgage Commn. Realty Corp. v Columbia Hgts. Garage Corp., (supra),* the plaintiff purchaser did not commence suit solely to extinguish a lien which had survived the original foreclosure proceeding. Rather, the plaintiff in that case also sought to foreclose all rights under the lease as it existed at the time the original judgment of foreclosure and sale was entered. Thus, *Mortgage Commn. Realty Corp.* does not support the *Vendome* court's conclusion that the remedies of strict foreclosure and reforeclosure are available only to cut off security interests in real property. We further note that acceptance of the *Vendome* court's rationale would leave the purchasers in the case before us burdened with an exceptionally long-term lease which sets the defendant doctors' monthly rental obligation at an amount well below market rate. Such a result would not be in keeping with the objectives of a foreclosure action.

For these reasons, we hold that the plaintiffs are entitled to maintain a strict foreclosure action against the defendants pursuant to RPAPL 1352. Inasmuch as the relevant facts are not disputed, the plaintiffs are entitled to strict foreclosure as a matter of law, their cross motion for summary judgment should be granted, and the defendants' motion to dismiss denied. We remit this action to the Supreme Court for entry of an appropriate judgment fixing the defendants' time to redeem the property and providing that in the event the defendants fail to redeem within the specified time period, they shall be excluded from claiming any title or interest in the subject property, and their interest in the property shall be extinguished and terminated.

RITTER, J. P., FLORIO and FEUERSTEIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is granted, the motion of the defendants Stephen Baumgarten and Sushiel Samant to dismiss is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate

judgment fixing the defendants' time to redeem the property and providing that in the event the defendants fail to redeem within the specified time period, they shall be excluded from claiming any title or interest in the subject property, and their interest in the property shall be extinguished and terminated.