**44** Targee Street Internal Medicine Group, P.C., Respondent, v Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-2, Appellant, et al., Defendants. [939 NYS2d 82]—

In 1991 the plaintiff, Targee Street Internal Medicine Group, P.C. (hereinafter Targee), commenced a mortgage foreclosure action (hereinafter the 1991 action) in connection with a mortgage it held on certain real property (hereinafter the property) on Delevan Street in Queens Village (hereinafter the Targee mortgage). The Targee mortgage had been recorded in 1990. Because of certain problems, however, including difficulty in locating the mortgagors and in determining whether one of the mortgagors had died, the 1991 action did not proceed to judgment until 2009. Meanwhile, in 2003, the mortgagors purported to convey the property to another person, Frank Emeka. In 2004 Emeka purported to convey the property to Eucharia Iwuchukwu, who obtained a mortgage loan. The mortgage securing repayment of that loan is now held by Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-2 (hereinafter Deutsche Bank).

In 2009, after Targee successfully foreclosed on the Targee mortgage, it commenced this reforeclosure action pursuant to RPAPL 1503 to extinguish any junior claims that had not been extinguished by the judgment in the 1991 action. Targee named as defendants, among others, Deutsche Bank. None of the defendants appeared or answered the complaint in the reforeclosure action, and Targee moved for leave to enter a default judgment against them. Deutsche Bank cross-moved, inter alia, to vacate its default and extend its time to answer. Deutsche Bank acknowledged that it had received the summons and complaint and had defaulted. It explained, however, that it had tendered the defense of the action to another bank in accordance with a pooling and service agreement, and sent the summons and complaint to that other bank. The recipient bank then sent the papers to one of its departments, located in California, and then to another department in Florida, where the papers were somehow misplaced and could not be found. Deutsche Bank also asserted, inter alia, that Targee could not reforeclose against Deutsche Bank, inasmuch as the mortgage held by Deutsche Bank had come into existence after Targee commenced its original foreclosure action and after the statute of limitations on the foreclosure of Targee's mortgage had run. The Supreme Court granted Targee's motion and denied Deutsche Bank's cross motion, and it entered an order and judgment accordingly. Deutsche Bank appeals, and we affirm the order and judgment insofar as appealed from.

"A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (*Citimortgage, Inc. v Brown*, 83 AD3d 644, 644 [2011]; *see Private Capital Group, LLC v Hosseinipour*, 86 AD3d 554, 556 [2011]). Even if Deutsche Bank's excuse for its default is reasonable, it failed to demonstrate that it has a potentially meritorious defense to this reforeclosure action. Targee's right to reforeclose against Deutsche Bank's admittedly junior lien was "absolute" (*2035 Realty Co. v Howard Fuel Corp.*, 77 AD2d 870, 871 [1980]; *see 6820 Ridge Realty v Goldman*, 263 AD2d 22, 29 [1999]). Moreover, contrary to Deutsche Bank's contention, the reforeclosure action under RPAPL 1503 would properly be maintainable against Deutsche Bank even if the applicable statute of limitations barred an action against it to foreclose on the Targee mortgage (*see* RPAPL 1503).

Deutsche Bank's remaining contentions are without merit.

Consequently, the Supreme Court properly granted that branch of Targee's motion which was for leave to enter a default

judgment against Deutsche Bank and denied those branches of Deutsche Bank's cross motion which were to vacate its default and enlarge its time to answer the complaint. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32845(U).]**