U.S. Bank N.A. v Lomuto (2021 NY Slip Op 05363)





U.S. Bank N.A. v Lomuto


2021 NY Slip Op 05363


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-00618
 (Index No. 35702/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Amanda Lomuto, appellant.


Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to reforeclose a mortgage pursuant to RPAPL 1503, the defendant appeals from an order of the Supreme Court, Rockland County (David S. Zuckerman, J.), dated December 5, 2017. The order granted the plaintiff's motion for summary judgment on the amended complaint and pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the amended complaint and pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses is denied.
In January 2009, the plaintiff commenced an action to foreclose a mortgage on certain real property in Stony Point (hereinafter the underlying foreclosure action), naming the mortgagor and owner, Robert S. Wilson, but not the property's co-owner, Amanda Lomuto, among the defendants. The plaintiff obtained a judgment of foreclosure and sale, which was affirmed by this Court (see U.S. Bank N.A. v Lomuto, 140 AD3d 852). During the pendency of the appeal in the underlying foreclosure action, Wilson died and Lomuto was substituted as a defendant in her capacity as a personal representative of Wilson's estate, in place of Wilson (see id.). Pursuant to the judgment of foreclosure and sale in the underlying foreclosure action, the property was sold at public auction to the plaintiff as the successful bidder.
Thereafter, the plaintiff commenced this action against Lomuto (hereinafter the defendant) to reforeclose the mortgage pursuant to RPAPL 1503 and 1523. The plaintiff moved for summary judgment on the amended complaint and pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses. The defendant opposed the motion. By order dated December 5, 2017, the Supreme Court granted the plaintiff's motion and directed the defendant to give the plaintiff's attorney written notice of her desire and intent to redeem the property within 10 days from the mailing to her attorney of a copy of the order, and then to redeem the premises within 30 days thereafter. The defendant did not redeem, and now appeals from the order.
RPAPL 1311 requires the plaintiff in a mortgage foreclosure action to join, as a party defendant, any person "whose interest is claimed to be subject and subordinate to the plaintiff's lien." "The absence of a necessary party in a foreclosure action leaves that party's rights unaffected [*2]by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" (6820 Ridge Realty v Goldman, 263 AD2d 22, 26). "[I]n such cases, the purchaser of the foreclosed property has two potential remedies—the commencement of a strict foreclosure action pursuant to RPAPL 1352, or a reforeclosure action pursuant to RPAPL 1503" (id. at 26). "In contrast to RPAPL 1352, which governs strict foreclosure, RPAPL 1503 permits a reforeclosure action to be maintained even where[, as here,] an action against the defendant to foreclose the mortgage under which the foreclosure sale was held or to extinguish a right of redemption would be barred by the Statute of Limitations" (id. at 27).
To prevail in a reforeclosure action, the plaintiff must demonstrate that the defect in the original foreclosure action "was not due to fraud or wilful neglect of the plaintiff and that the defendant or the person under whom he claims was not actually prejudiced thereby" (RPAPL 1523[2] [emphasis added]).
Here, there is no dispute that the defect in the underlying foreclosure action was the plaintiff's omission of the defendant as a party, despite the plaintiff having ordered a full title search and mortgage foreclosure certificate (see HSBC Bank USA, N.A. v Guardian Preserv. LLC, 160 AD3d 1236, 1236-1237). Pursuant to the language of RPAPL 1523, in order to establish its entitlement to summary judgment, the plaintiff had the burden of demonstrating, prima facie, both that the defect in the underlying foreclosure action was not the result of fraud or the wilful neglect of the foreclosure plaintiff, and that the defect did not prejudice the defendant (see RPAPL 1523[1], [2]). To that end, the plaintiff submitted, inter alia, copies of the note and mortgage, executed on September 2, 1987, bearing the signature of Robert S. Wilson as the sole borrower/mortgagor, and the results of a title search conducted by Prime Title Search, LLC, certified as of November 10, 2008, naming Wilson as the sole mortgagor and holder of title to the property, and failing to reflect a quitclaim deed, executed in December 2001, transferring ownership of the property from Wilson to Wilson and the defendant. Approximately two months after the title search was performed, in January 2009, the plaintiff commenced the underlying foreclosure action, failing to join the defendant. "Under these facts, there is simply no reason why [the] plaintiff would willfully omit a necessary party and, viewing the evidence in the light most favorable to [the] defendant, [the] plaintiff demonstrated the absence of willful neglect as it reasonably relied on the [title search] that failed to uncover [the] quitclaim deed" (HSBC Bank USA, N.A. v Guardian Preserv. LLC, 160 AD3d at 1237).
In opposition, the defendant submitted an affidavit in which she attested, among other things, that there had been a prior action to foreclose the mortgage, entitled Federal Home Loan Mtge. Corp. v Wilson (hereinafter the prior foreclosure action), filed under Index No. 3724/06, in the Supreme Court, Rockland County, which was commenced in 2006, in which both she and Wilson were named among the defendants, and which was resolved when she and Wilson obtained a loan modification. However, when the plaintiff commenced the subsequent, underlying foreclosure action, in 2009, the plaintiff named only Wilson among the defendants, and not her, despite the fact that she was named as a defendant in the prior foreclosure action, that Wells Fargo Bank, N.A., doing business as America's Servicing Company (hereinafter ASC), remained the loan servicer, and that ASC was aware of her ownership interest in the property having reviewed her financial information and documentation for every loan modification application. As exhibits to her opposition, the defendant attached, inter alia, copies of the summons and complaint in the prior foreclosure action, in which she was named as a defendant along with Wilson. Contrary to the plaintiff's contention, the evidence of the prior foreclosure action in which the defendant was named as a party raised a triable issue of fact as to whether the plaintiff's failure to name her as a defendant in the underlying foreclosure action was the result of "wilful neglect" (RPAPL 1523[2]; see McWhite v I & I Realty Group LLC, 2019 NY Slip Op 31552[U] [Sup Ct, Kings County]). Accordingly, since the plaintiff was entitled to summary judgment only in the absence of triable issues of fact as to wilful neglect and prejudice (see RPAPL 1523[2]), the Supreme Court should have denied the plaintiff's motion for summary judgment on the amended complaint and pursuant to CPLR 3211(b) to dismiss the affirmative defenses, regardless of whether the defendant raised a triable issue of fact as to the issue of prejudice.
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court