517-525 W. 45 LLC v Avrahami (2022 NY Slip Op 01230)





517-525 W. 45 LLC v Avrahami


2022 NY Slip Op 01230


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 850357/15 Appeal No. 15177-15174A Case No. 2019-5801 

[*1]517-525 W. 45 LLC, Plaintiff-Respondent,
v
Shimon Avrahami, Defendant-Appellant.


Sweeney, Reich & Bolz, LLP, Lake Success (Rashel M. Mehlman of counsel), for appellant.
Wenig Saltiel LLP, Brooklyn (Dan M. Blumenthal of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 25, 2019, granting plaintiff strict foreclosure, and bringing up for review so much of an order, same court and Justice, entered May 29, 2019, as granted plaintiff summary judgment on its strict foreclosure claim and dismissed defendant's statute of limitations affirmative defense, unanimously affirmed.
Plaintiff was the purchaser of a Manhattan property sold at a foreclosure sale held on July 9, 2014. Defendant held a junior mortgage on the property, but was mistakenly not named in the foreclosure action, which had been commenced in October 2009. When a necessary party is omitted from a foreclosure action, "that party's rights [are] unaffected by the judgment and sale, and the foreclosure may be considered void as to the omitted party" (6820 Ridge Realty v Goldman, 263 AD2d 22, 26 [2d Dept 1999]). The purchaser of the foreclosed property has two potential remedies: a strict foreclosure action pursuant to Real Property Actions and Proceedings Law § 1352, or a reforeclosure action pursuant to § 1503 (id.). On November 16, 2015, plaintiff commenced this action in strict foreclosure under RPAPL 1352 to foreclose defendant's right of redemption of his mortgage encumbering the property.[FN1] The complaint sought to extinguish defendant's lien on the property unless he redeemed the property by paying the mortgage debt, with interest and costs, as well as the value of all improvements and repairs made to the property, taxes and other assessments and costs. Defendant maintained that the strict foreclosure action was barred by the six-year statute of limitations, which, he asserted, began to run upon the filing of the original mortgage foreclosure action in October 2009.
Contrary to defendant's argument, Supreme Court correctly found that the six-year statute of limitations that applies to this action did not begin to run until the property was sold at the foreclosure sale in July 2014 (CPLR 213[1], [4]). Under RPAPL 1352, the strict foreclosure procedure applies "when real property, sold pursuant to a judgment in a foreclosure action, is later the subject of an action to foreclose or extinguish rights of redemption in the same real property" and "therefore, cures a defect in the judgment or sale under the first foreclosure" (4 Bergman on New York Mortgage Foreclosures § 32.03 [1] [2021] [emphasis added]; see also 6820 Ridge Realty v Goldman 263 AD2d at 26). Thus, because a judgment of strict foreclosure cures a defect in the judgment or sale under the original foreclosure — namely, the failure to extinguish the redemption rights of anyone with a subordinate interest in the property and vest complete title in the purchaser at the sale — the action in strict foreclosure necessarily arises only after the property is conveyed to the purchaser at the foreclosure sale, not when the original mortgage foreclosure action is filed (see 6820 Ridge Realty, 263 AD2d at 25, 26). Here, the [*2]foreclosure sale and delivery of the deed occurred in July 2014. Accordingly, this action, commenced in November 2015, was well within the six-year statute of limitations.
As to the computation of the redemption amount due to plaintiff, the total sum is in the process of being determined by a referee. The issue is therefore raised prematurely and is not ripe for our review (see generally American Ins. Assn. v Chu, 64 NY2d 379, 385-386 [1985], appeal dismissed and cert denied 474 US 803 [1985]; Swergold v Cuomo, 70 AD3d 1290, 1293 [3d Dept 2010]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022



Footnotes

Footnote 1: RPAPL 1352, entitled "Judgment foreclosing right of redemption" provides: "Where real property has been sold pursuant to a judgment in an action to foreclose a mortgage, and an action is thereafter brought to foreclose or extinguish a right of redemption in such real property, the judgment, instead of directing a sale of the property, shall fix the right of any person having a right of redemption therein or the right to foreclose a subordinate mortgage or other lien and shall provide that a failure to redeem or commence an action for the foreclosure of such mortgage or other lien within such time shall preclude such person having a right of redemption or the holder of such mortgage or other lien from redeeming such property or foreclosing such mortgage or other lien, and thereafter such person having a right of redemption or the holder of such mortgage or other lien shall be excluded from claiming any title or interest in such property and all title or interest of such person having a right of redemption in, or the right to foreclose a subordinate mortgage or other lien against such property shall thereby be extinguished and terminated."