McWhite v I & I Realty Group, LLC (2022 NY Slip Op 06795)

McWhite v I & I Realty Group, LLC

2022 NY Slip Op 06795

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-08127
 (Index Nos. 511363/17, 524104/17)

[*1]Cyrilen McWhite, appellant, 
v
I & I Realty Group, LLC, respondent. (Action No. 1)
I & I Realty Group, LLC, respondent,Cyrilen McWhite, appellant, et al., defendant. (Action No. 2)

Chidi Eze (Schwartz Sladkus Reich Greenberg & Atlas LLP, New York, NY [Andrea J. Caruso], of counsel), for appellant. 
Belowich & Walsh LLP, White Plains, NY (Kerry F. Cunningham and Daniel G. Walsh of counsel), for respondent.

DECISION & ORDER
In related actions, inter alia, pursuant to RPAPL article 15 to quiet title to real property, and for reforeclosure of a mortgage pursuant to RPAPL 1503, Cyrilen McWhite, the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 28, 2019. The order, insofar as appealed from, denied those branches of the cross motion and motion of Cyrilen McWhite which were pursuant to CPLR 3211(a) to dismiss the complaint in Action No. 2 insofar as asserted against her and for summary judgment on the complaint in Action No. 1, respectively.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the cross motion and motion of Cyrilen McWhite which were pursuant to CPLR 3211(a) to dismiss the complaint in Action No. 2 insofar as asserted against her and for summary judgment on the complaint in Action No. 1 are granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in Action No. 1, inter alia, declaring that Cyrilen McWhite is the fee owner of the subject premises and that the subject mortgage is invalid and directing the County Clerk of Kings County to cancel the mortgage.
These related actions involve certain real property located in Brooklyn. Barrington A. Roache executed a mortgage on the premises to secure a loan, which mortgage was recorded on August 8, 2005. In October 2006, Roache transferred the premises to Cyrilen McWhite. In September 2010, Citimortgage, Inc., commenced an action against, among others, Roache and McWhite to foreclose the mortgage. McWhite was served with the summons and complaint, but she did not appear in the action. In October 2013, the assignee of the mortgage, PennyMac Corp. (hereinafter the foreclosure plaintiff), moved, among other things, for summary judgment on the complaint insofar as asserted against Roache, for leave to enter a default judgment against the remaining defendants, and for an order of reference. In an order dated October 8, 2014, the Supreme [*2]Court, inter alia, granted that branch of the motion which was for summary judgment on the complaint insofar as asserted against Roache, and denied those branches of the motion which were for leave to enter a default judgment against the remaining defendants on the ground that the foreclosure plaintiff had failed to move within one year of those defendants' defaults, as required by CPLR 3215(c), and failed to demonstrate sufficient cause for the delay. Nevertheless, the foreclosure plaintiff submitted a judgment of foreclosure and sale to the court which named all defendants, purported to extinguish all defendants' interests in the premises, and directed the sale of the premises. On September 8, 2016, the premises was sold at auction to I & I Realty Group, LLC (hereinafter I & I). I & I obtained a referee's deed on March 29, 2017.
In or around June 2017, McWhite commenced Action No. 1 pursuant to RPAPL article 15 to quiet title to the premises and for a declaration that she held an unencumbered fee title to the premises. I & I thereafter commenced Action No. 2 for reforeclosure of the mortgage pursuant to RPAPL 1503 and 1523. In Action No. 2, I & I moved for certain relief. McWhite cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her, arguing, among other things, that reforeclosure was not available against a defendant who was named in the foreclosure action, then effectively dismissed from the action pursuant to CPLR 3215(c). McWhite also moved in Action No. 1, inter alia, for summary judgment on the complaint. In an order dated May 28, 2019, the Supreme Court, among other things, denied those branches of McWhite's cross motion and motion. McWhite appeals.
As a subsequent owner who took title subject to the mortgage, McWhite was a necessary party to the foreclosure action (see RPAPL 1311; see Citimortgage, Inc. v Etienne, 172 AD3d 808, 809; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111). "The absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" (6820 Ridge Realty v Goldman, 263 AD2d 22, 26; see U.S. Bank N.A. v Lomuto, 198 AD3d 707, 708; Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882). Here, McWhite was named as a defendant in the foreclosure action, but the complaint was effectively dismissed insofar as asserted against her pursuant to CPLR 3215(c) (see Chase Home Fin., LLC v Dasuja, 204 AD3d 638; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 962). The foreclosure plaintiff therefore was not entitled to foreclose McWhite's interest in the premises in the foreclosure action, and the judgment of foreclosure and sale which mistakenly purported to extinguish her interest in the premises is void as against McWhite.
Where the interest of a necessary party has not been foreclosed upon in a judgment of foreclosure and sale, the purchaser of the foreclosed property has two potential remedies: a strict foreclosure action pursuant to RPAPL 1352, or a reforeclosure action pursuant to RPAPL 1503 (see 517-525 W. 45 LLC v Avrahami, 202 AD3d 611, 612; 6820 Ridge Realty v Goldman, 263 AD2d at 26). RPAPL 1503 provides, in pertinent part, that, when real property has been sold at a foreclosure sale "and it appears from the public records or from the allegations of the complaint that such judgment, sale or conveyance was or may have been, for any reason, void or voidable as against any person, including an owner of the real property mortgaged, the purchaser . . . may maintain an action as provided in this article to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage."
"In contrast to RPAPL 1352, which governs strict foreclosure, RPAPL 1503 permits a reforeclosure action to be maintained even where an action against the defendant to foreclose the mortgage under which the foreclosure sale was held or to extinguish a right of redemption would be barred by the Statute of Limitations" (6820 Ridge Realty v Goldman, 263 AD2d at 27; see RPAPL 1503; Targee St. Internal Medicine Group, P.C. v Deutsche Bank Natl. Trust Co., 92 AD3d 768, 769). However, to prevail in a reforeclosure action, the plaintiff must demonstrate that the defect in the original foreclosure action "was not due to fraud or wilful neglect of the [foreclosure] plaintiff and that the defendant or the person under whom he [or she] claims was not actually prejudiced thereby" (RPAPL 1523[2]; see U.S. Bank N.A. v Lomuto, 198 AD3d at 708).
McWhite contends that reforeclosure is not a remedy available against a title holder [*3]who was dismissed from the original foreclosure action pursuant to CPLR 3215(c). As a person who may set aside the judgment, sale, or conveyance of the foreclosed property, and who has an equity of redemption, McWhite was a proper party to a reforeclosure action (see RPAPL 1503; U.S. Bank N.A. v Lomuto, 198 AD3d at 709; HSBC Bank USA, N.A. v Guardian Preserv. LLC, 160 AD3d 1236, 1237; cf. Bass v D. Ragno Realty Corp., 111 AD3d 863, 865). However, the purchaser must also sufficiently allege that the defect which rendered the judgment voidable was not occasioned by the fraud or willful neglect of the foreclosure plaintiff, and that the defendant was not actually prejudiced by the defect (see RPAPL 1523[2]). I & I's complaint pleaded such facts in a conclusory manner. On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts alleged in the complaint to be true, and accord the plaintiff the benefit of every possible favorable inference (see CPLR 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; Laguerre v Maurice, 192 AD3d 44, 50). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Dubon v Drexel, 195 AD3d 991, 993 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11).
Under the circumstances of this case, I & I failed to state a cause of action against McWhite for reforeclosure because the defect in the foreclosure action was due to the willful neglect of the foreclosure plaintiff as a matter of law. The underlying objective of foreclosure actions is "to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale" (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 404). The defect in the underlying foreclosure action was that McWhite's interest was not validly extinguished in the judgment of foreclosure and sale due to her effective dismissal from the action. In contrast to the cases involving the omission of necessary parties from a foreclosure action, where the foreclosure plaintiff's failure to discover the party's interest in the premises prior to commencing the action may not have resulted from willful neglect (cf. U.S. Bank N.A. v Lomuto, 198 AD3d at 708-709; HSBC Bank USA, N.A. v Guardian Preserv. LLC, 160 AD3d at 1237; 37-40 Realty, Inc. v A.P. Zheng, Inc., 38 Misc 3d 1202[A], 2012 NY Slip Op 52327[U] [Sup Ct, Queens County]), the foreclosure plaintiff here knew that McWhite had been effectively dismissed from the action and that the judgment of foreclosure and sale could not validly extinguish her interest in the premises. The foreclosure plaintiff nevertheless made a conscious decision to proceed to judgment and sale without validly extinguishing McWhite's known interest (see 37-40 Realty, Inc. v A.P. Zheng, Inc., 38 Misc 3d 1202[A], 2012 NY Slip Op 52327[U]).
As McWhite correctly contends, since her dismissal was without prejudice, the foreclosure plaintiff could have commenced another foreclosure action against her prior to the expiration of the statute of limitations, or following an appeal utilizing the benefit of CPLR 205(a) (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520; Deutsche Bank Natl. Trust Co. v Gouin, 194 AD3d 479, 480; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199). Further, I & I could have commenced a strict foreclosure action against her, had it obtained title within the statute of limitations, without regard to the reason for the defect in the original foreclosure proceedings (see RPAPL 1352; 6820 Ridge Realty v Goldman, 263 AD2d at 27). However, reforeclosure is not available where, as here, the defect was due to the willful neglect of the foreclosure plaintiff to obtain a valid judgment against McWhite.
Accordingly, the Supreme Court should have granted that branch of McWhite's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the reforeclosure complaint insofar as asserted against her.
Regarding McWhite's action to quiet title, RPAPL 1501(1) provides that a person who claims an estate or interest in real property may maintain an action to compel the determination of any claim adverse to that of the plaintiff. RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (RPAPL 1501[4]; see JBR [*4]Constr. Corp. v Staples, 71 AD3d 952, 953).
Here, the judgment of foreclosure and sale was void as to McWhite and the foreclosure sale did not transfer her interest in the premises to I & I. Moreover, McWhite established, prima facie, that the foreclosure action accelerated the mortgage debt, that the foreclosure action was dismissed as abandoned pursuant to CPLR 3215(c), and the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see CPLR 213[4]; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986; JBR Constr. Corp. v Staples, 71 AD3d at 953). In opposition, I & I failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of McWhite's motion which was for summary judgment on the complaint in the quiet title action.
I & I's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment in Action No. 1, inter alia, declaring that Cyrilen McWhite is the fee owner of the subject premises and that the subject mortgage is invalid (see Lanza v Wagner, 11 NY2d 317, 334). The judgment should further direct the County Clerk of Kings County to cancel the mortgage (see Corrado v Petrone, 139 AD2d 483, 485).
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court