PROF-2013-S3 Legal Tit. Trust II v West Fork Funding L.L.C. (2026 NY Slip Op 00066)

PROF-2013-S3 Legal Tit. Trust II v West Fork Funding L.L.C.

2026 NY Slip Op 00066

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 26380/19 154094/21|Appeal No. 5539|Case No. 2024-06207|

[*1]PROF-2013-S3 Legal Title Trust II etc., Plaintiff-Respondent,
vWest Fork Funding L.L.C., Also Known as West Fork Funding LLC, Defendant-Appellant. 

Rosenberg Fortuna & Laitman, LLP, Garden City (Christopher Villanti of counsel), for appellant.
Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about September 13, 2024, which granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment, unanimously affirmed, with costs.
Plaintiff acquired the property through a foreclosure sale, albeit one that was void as against defendant due to the fact that plaintiff's predecessor in interest, nonparty HSBC Bank USA, N.A., failed to name defendant in the prior foreclosure proceeding. Contrary to defendant's contention, we find that plaintiff had standing to prosecute this reforeclosure action. RPAPL 1503 specifically allows a purchaser at a foreclosure sale to commence an action against "an owner," and allows that purchaser to "recover possession." Plaintiff established its standing under the express language of the statute (see U.S. Bank N.A. v 18 Wilkshire Circle, LLC, 233 AD3d 910, 912-913 [2d Dept 2024]).
The Referee was entitled to deed the property to plaintiff, even though nonparty Federal National Mortgage Association (FNMA) was the highest bidder at the March 27, 2017 foreclosure sale. RPAPL 1503 contemplates that an assignee of a purchaser may pursue a reforeclosure action, and FNMA assigned its bid to plaintiff (see Ahern v Pierce, 236 AD2d 343, 344 [2d Dept 1997]). While the assignment of bid was dated after the Referee deeded the property to plaintiff, the Referee's deeding of title to plaintiff was not a circumstance in which the Referee mistakenly deeded the property to the wrong bidder (see JP Morgan Chase, N.A. v Rajendran, 141 AD3d 631, 632 [2d Dept 2016]), or one in which the assignment needed to pre-date the filing of a summons and complaint to confer standing upon the plaintiff (see Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204 [2d Dept 2009]).
We also reject defendant's argument that plaintiff's reforeclosure claim is barred by the terms of RPAPL 1501(1). Plaintiff's interest in the property was not a leasehold interest and was not for a "term of years."
Plaintiff established that HSBC's failure to join defendant in the original foreclosure action constituted neither willful neglect nor fraud. The record establishes that HSBC ordered a title search of the property in September 2014. It then obtained an updated title search on or about May 29, 2015. Although defendant acquired the property on May 21, 2015, it did not record its deed until June 22, 2015. Under the circumstances presented, HSBC's failure to order yet another updated title search did not constitute willful neglect (HSBC Bank USA, N.A. v Guardian Preserv. LLC, 160 AD3d 1236, 1237 [3d Dept 2018], lv denied 32 NY3d 902 [2018]). Plaintiff's evidence established, prima facie, that HSBC did not engage in fraud (see U.S. Bank N.A. v Lomuto, 198 AD3d 707, 708-709 [2d Dept 2021]), and defendant presented no evidence that HSBC purposely kept defendant in ignorance of this action or that HSBC had actual knowledge of defendant's ownership of the premises (cf. Country Wide Home Loans, Inc. v Harris, 136 AD3d 570, 571 [1st Dept 2016]). There is simply no reason presented in this record as to why plaintiff or HSBC would have intentionally omitted defendant.
HSBC's failure to join defendant also did not prejudice defendant. First, defendant could have obtained information about payments and amounts due through discovery in this action, and, as the motion court noted, defendant did not identify the need for this discovery as a basis to deny plaintiff's summary judgment motion (see CPLR 3212[f]). Defendant did not identify any specific inadequacies in HSBC's or plaintiff's proof so as to establish that it was precluded from contesting that proof (see Guardian, 160 AD3d at 1237). While the failure to name defendant in the original foreclosure proceeding may have prevented it from asserting a potential defense premised upon the inadequacy of the description of the property and the statute of limitations, we find no prejudice in this case, as that potential defense lacked merit (see Investors Sav. Bank v Cover, 187 AD3d 868 [2d Dept 2020]).
Insofar as defendant relies entirely on its arguments made in opposition to plaintiff's motion to argue that it was entitled to judgment on its counterclaims,
defendant was not entitled to summary judgment on those counterclaims.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026