Federal Natl. Mtge. Assn. v Monegro (2026 NY Slip Op 01158)

Federal Natl. Mtge. Assn. v Monegro

2026 NY Slip Op 01158

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 35912/15|Appeal No. 5701|Case No. 2024-07632|

[*1]Federal National Mortgage Association, Plaintiff-Respondent,
vLuis D. Monegro et al., Defendants. West Fork Funding LLC, Nonparty-Appellant.

Rosenberg Fortuna & Laitman, LLP, Garden City (Christopher Villanti of counsel), for appellant.
Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for respondent.

Appeal from order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about November 21, 2024, which denied West Fork's motion to vacate the judgment of foreclosure and sale, unanimously dismissed, without costs.
This appeal arises from a long and complicated foreclosure dispute related to a separate appeal from a re-foreclosure action involving the same property. In this appeal, nonparty West Fork Funding LLC (West Fork) challenges the 2017 foreclosure and sale of a mortgage on the property. The property was deeded to PROF-2013-S3 Legal Title Trust II (PROF) following a March 27, 2017 foreclosure auction. The related appeal involves PROF's lawsuit pursuant to RPAPL 1503 to re-foreclose against its ownership interest. The First Department affirmed the motion court's order granting PROF summary judgment for foreclosure (PROF-2013-S3 Legal Title Trust II v West Fork Funding LLC, AD3d , 2026 NY Slip Op 00066 [1st Dept 2026]). Pursuant to the motion court's order, West Fork was ordered to redeem the mortgaged property within 30 days from when PROF served it with a copy of the order with notice of its entry. West Fork's failure to do so within the specified timeframe means that "any lien(s), encumbrance(s) or interest(s) held by [West Fork] upon the lands secured by the subject mortgage, and existing at the time of the commencement of said foreclosure action, is extinguished and removed, and [PROF] deemed to hold the property free and clear from any and all such lien(s), encumbrance(s) or interest(s)" (PROF-2013-SE Legal Title Trust II v West Fork Funding L.L.C., 2024 NY Slip Op 33327 [U], *10 [Sup Ct, Bronx County, Sept. 10, 2024]). Thereafter, West Fork unsuccessfully sought a stay of enforcement of the redemption deadline and then elected not to pay any sum to redeem the Property.
This appeal is dismissed as moot because West Fork's right of redemption for the mortgaged property expired pursuant to the motion court's order in the re-foreclosure action, which was affirmed by this Court (CPLR 5523; see Solo Group LLC, Series 9 v Dunia, 230 AD3d 1083, 1084 [1st Dept 2024]; Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]; Palm Ave. Hialeah Trust v 2166 Dean, LLC, 239 AD3d 667, 668 [2d Dept 2025]; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767 [2d Dept 2015]).
West Fork argues that the appeal is not academic because the re-foreclosure action did not direct or authorize the sale of the property to a third-party purchaser. However, even if the orders in that later action did not direct the sale of the property to a third-party purchaser, PROF was a third-party purchaser following the foreclosure sale in this action. Accordingly, we need not address West Fork's remaining arguments, which in any event, are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026